| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |

BRIDGET K. COLLERAN,

        Plaintiff,

vs.

NANCY A. BERRYHILL,

        Defendant.

Case No.: 2:14-cv-01736-GMN-GWF

**ORDER**

Pending before the Court for consideration is a Motion to Remand, (ECF No. 16), filed by Plaintiff Briget K. Colleran ("Plaintiff") and the Cross–Motion to Affirm, (ECF No. 19), filed by Defendant Nancy A. Berryhill[1] ("Defendant" or "the Commissioner"). These motions were referred to the Honorable George Foley, United States Magistrate Judge, for a report of findings and recommendations pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

On September 14, 2016, Judge Foley entered the Report and Recommendation ("R. & R."), (ECF No. 24), recommending Plaintiff's Motion to Remand be granted and the Commissioner's Cross–Motion to Affirm be denied. The Commissioner filed an Objection to the Report and Recommendation, (ECF No. 26), on October 17, 2016. Plaintiff filed her Response to the Objection, (ECF No. 28), on March 2, 2017.[2]

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

[2] Also pending before the Court is the Commissioner's unopposed Motion, (ECF No. 25), to extend time to file her objection. For good cause appearing, the Court GRANTS this Motion.

## I. BACKGROUND

Plaintiff brings this action against Defendant in her capacity as the Commissioner of the Social Security Administration, pursuant the Social Security Act, 42 U.S.C. § 405(g). (Compl., ECF No. 3). Plaintiff seeks judicial review of a final decision of the Commissioner of the Social Security Administration denying her claims for Social Security Disability ("SSD") benefits and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 416(i), 23, 1381–1382c. (*Id.* ¶ 3).

Plaintiff applied for SSD benefits on October 27, 2010, and SSI benefits on September 19, 2012, which were denied initially and upon reconsideration. (*Id.* ¶ 6); (Admin. R. ("A.R.") at 42, ECF No. 14-1). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), who ultimately issued an unfavorable decision denying Plaintiff's benefits claim. (Compl. ¶ 7); (A.R. at 39–49). Plaintiff timely requested Appeals Council review of the ALJ's decision, which was denied on August 22, 2014. (Compl. ¶ 8).

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. Local R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. Local R. IB 3-2(b).

## III. DISCUSSION

The Commissioner presents two objections to the Report and Recommendation. First, the Commissioner challenges Judge Foley's finding that "the ALJ erred in rejecting the opinions of the treating physicians . . . because they were based on his finding that those opinions were inconsistent with the medical evidence." (Obj. 4:16–18, ECF No. 26). This

argument misunderstands Judge Foley's findings, however. Judge Foley did not find error with regard to the medical evidence supporting the opinions of Plaintiff's treating physicians but rather faulted the ALJ for appearing to require "objective clinical findings" to support Plaintiff's complaints of pain. (R. & R. 22:11–12); (*see also id.* 21:16–18). The Ninth Circuit has held that an ALJ commits error "by effectively requiring objective evidence for a disease that eludes such measurement." *Benecke v. Barnhart*, 379 F.3d 587, 593–94 (9th Cir. 2004). Here, the ALJ repeatedly emphasized the lack of objective medical evidence to support Plaintiff's claims of subjective pain. (A.R. at 46–47, ECF No. 14-1). As Judge Foley stated, "the ALJ ignored the nature of fibromyalgia." (*Id.* 22:12).

Next, the Commissioner challenges Judge Foley's conclusion that "the ALJ did not adequately address Plaintiff's fibromyalgia diagnosis and this oversight undermines the legitimacy of his reasons for rejecting Plaintiff's credibility." (Obj. 5:9–11). On this point, the Commissioner argues that "[t]he ALJ evaluated Plaintiff's pain complaints allegedly caused by degenerative disc disease and fibromyalgia and concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her subjective pain complaints were not credible." (*Id.* 5:12–15). Again, the Commissioner misunderstands Judge Foley's reasoning.

The ALJ considered several factors in reaching his determination with respect to Plaintiff's credibility including that Plaintiff "has undergone only conservative treatment" and that Plaintiff "made no mention that her lay-off was the result of her an [sic] inability to engage in her work duties." (A.R. at 47). As Judge Foley noted, "[t]here is no evidence that she failed to follow a recommended course of treatment." (R. & R. 22:19–20). Moreover, Judge Foley pointed out that contrary to the ALJ's report, Plaintiff testified regarding her belief that missing work due to pain "had a lot to do" with why she was laid off from her previous employment.

(*Id.* 22:28–23:1). The Court agrees that "the ALJ's reason for rejecting Plaintiff's credibility on this ground was erroneous." (*Id.* 23:1–2).

Having reviewed the Commissioner's objections *de novo,* the Court finds no basis on which to reject Judge Foley's findings and recommendations. The Court therefore remands this case for further proceedings consistent with Judge Foley's Report and Recommendation. Among other things, the ALJ must determine whether Plaintiff's fibromyalgia symptoms are so severe as to disable her from performing sedentary work.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 24), be **ACCEPTED** and **ADOPTED** in full, to the extent that it is not inconsistent with this Order.

**IS FURTHER ORDERED** that Plaintiff's Motion to Remand, (ECF No. 16), is **GRANTED** and this case is hereby **REMANDED** to the Administrative Law Judge. The Clerk of Court shall remand this case back to the Administrative Law Judge and thereafter close this Court's case.

**IT IS FURTHER ORDERED** that the Commissioner's Motion to Extend Time, (ECF No. 25), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner's Cross-Motion to Affirm, (ECF No. 19), is **DENIED**.

**DATED** this __13__ day of April, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge